## East St. Louis Connecting Railway Company v. Annie C. Gehring, Administratrix.

1. VERDICTS—*Irreconcilable with the Special Findings.*—Where the special findings are irreconcilable with the general verdict, under the provisions of the statute the verdict must yield.

**Memorandum.**—Action for damages; death from negligent act. Error to the Circuit Court of St. Clair County; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding.    Heard in this court at the February term, 1894.   Reversed and remanded.    Opinion filed June 23, 1894.

*The general verdict:*

We, the jury, find the defendant guilty and assess the plaintiff's damages at $2,000.

*The special findings held irreconcilable with the general verdict:*

1. Was the switch stand so situated with reference to the track that it would not have struck Gehring, unless he lowered his body so as to come within its range?

Answer.  Yes.

2. Could Gehring, if he had exercised a small degree of care, have escaped the injury?

Answer.  Yes; providing his attention was not attracted to foreman.

3. Was Gehring, at the time of the accident, hanging in the car stirrup in such a manner as to bring his rump or thigh in range of the switch stand?

Answer.  Yes.

4. If Gehring had been standing up in the car stirrup would the switch stand have struck him?

Answer.  No; but the foreman attracted his attention which caused him to lean out.

5. Did Gehring, prior to the accident, know the position of the switch stand with reference to the track?

Answer.  Yes.

*Defendant's motion for judgment non obstante veredicto:*

And now comes the said defendant and moves the court to enter judgment in said cause for the defendant upon the special findings of fact made by the jury jointly and severally taken, and notwithstanding the general verdict.

### STATEMENT OF THE CASE.

The plaintiff in error is operating a connecting railway on Front street in the city of East St. Louis.    It has a switch at the terminus of each railroad that has its yards on this

street, and its business is to move freight cars from one road to another. It had such a switch at the connection with the Chicago & Alton Railroad, and many more at various distances apart up and down the street. At the switch mentioned there was a switch stand between its two main tracks about three feet high and about three feet from the nearest track. Freight cars, such as are handled by the plaintiff in error, are provided with ladders at the side over the trucks to enable men to climb on and off the cars, and there is a stirrup made of iron, below each ladder, so that the first rung of the ladder can be conveniently reached. Gehring had been working for plaintiff in error some time and was acquainted with the switch in question, and had frequently used it in the performance of his duties.

On the 4th day of October, 1892, a switching crew, of which he was one, had occasion to use this switch. There was a train of about eight freight cars. An employe named Slemens had charge of the switching crew so far as to direct the movements of the cars. A car had been thrown in onto a side track and the train moved slowly south in order to throw in another. Gehring took hold of the first or second rung of one of these ladders, put one foot in the first rung and one on the oil box, attached to the axle of the truck, and let his arm out at full length. While riding in this manner, he came to the switch stand and was scraped off the car. He fell between the tracks and while endeavoring to rise he stumbled and fell under the car and was killed.

CHARLES W. THOMAS, attorney for plaintiff in error.

BRIEF OF DEFENDANT IN ERROR, B. H. CANBY AND M. D. BAKER, ATTORNEYS.

Defendant in error contended that but one of the interrogations calls for a finding upon an ultimate fact, and that is No. 2. All of the others involve mere evidentiary facts, which are in no way controlling, and should not have been given. The answer to No. 2 is: Gehring could have

escaped injury, "providing his attention was not attracted to foreman." That is to say, if the circumstances surrounding him had been other and different from what they were, he might have escaped injury by the exercise of a small degree of care. This may all be conceded without in any way militating against the general verdict, finding from the circumstances as they actually existed, he was in the exercise of due care. C. & N. W. Ry. v. Dunelvey, 129 Ill. 132, Ibid. 540; Treffers v. O. & M. Ry., 36 Ill. App. 93.

MR. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

This suit was brought by Annie C. Gehring, administratrix of the estate of William Gehring, deceased, to recover damages under the statute. The negligence charged is that defendant negligently located and maintained a switch stand so close to one of its tracks as to endanger the lives and limbs of its servants operating trains; that deceased while on the side of a car which was being moved over defendant's track, and in discharge of his duty as switchman in defendant's service, and exercising due care for his own safety, was knocked off of said car by said switch stand to and upon the track, and run over by the moving cars and killed; that he left him surviving Annie Gehring, his widow, who by reason of his death has been and is deprived of her means of support. The jury found defendant guilty and assessed the damages at $2,000, and judgment was entered against defendant for that amount and costs, to reverse which defendant sued out this writ of error. The special findings are irreconcilable with the general verdict, and under the provisions of the statute the latter must yield and should have been set aside.

Sess. Laws, 1887, p. 251, provides : " When the special finding of fact is inconsistent with the general verdict, the former shall control the latter and the court may enter judgment accordingly." As the case may be tried by another jury we refrain from commenting upon the evidence except to say, that under the facts proven, it is a close question whether or not a right to recover was established, and the jury should have been accurately instructed. But one in-

struction was given on behalf of plaintiff below, and that called for the finding of a verdict in her favor. By it the jury were informed that a railroad company is bound to exercise reasonable care to furnish safe machinery, road-bed, track and structures connected therewith, and that if they believed from the evidence the switch stand in question was constructed and used by defendant and was an unsafe and dangerous structure, and that defendant had notice thereof before the injury, or might have had such notice by the exercise of ordinary care, and negligently failed to make it reasonably safe, and that by reason thereof, deceased, without notice of its unsafe and dangerous character, while in the discharge of his duty, with due care and caution, was without fault, then and there killed, as alleged in the declaration, and that his widow and next of kin have thereby sustained pecuniary loss in their means of support, then the jury will find for the plaintiff. This instruction was erroneous, and not pertinent to the issue. The negligence averred is not that the switch stand was an unsafe and dangerous structure, but that it was located too close to defendant's track. Under the rule that pleadings must be given the construction most unfavorable to the party pleading, this averment must be held to admit the switch stand was not an unsafe and dangerous structure, and that fact is not in issue, nor a matter submitted to the jury by the pleadings, and notice or want of notice as to that fact, would be wholly immaterial. For the errors mentioned the judgment is reversed.